NUMBER 13-99-160-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


DAVID MEJIA
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of Victoria County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Justice Dorsey



 A jury found appellant, David Mejia, guilty of murder and assessed
punishment at life in prison, plus a $10,000 fine. By two issues
appellant asserts that the evidence is insufficient to prove that he
intentionally committed the offense, and he attacks the legal and factual
sufficiency of the evidence to support his conviction. We affirm.

 The State's evidence showed that appellant went with Johnny
Arce to a bar in order to help him fight some people. A fight resulted
involving several people, including appellant and the victim, Marcos
Torres. During the fight Marcos Torres was stabbed in the heart and
killed. Minutes later appellant told his sister, "I cut him," and, "[H]e had
a gun." "It was either my life or his." Afterwards he went to an
apartment where he told John Gomez that he had "stabbed some
dude." Appellant showed Gomez how he had stabbed the victim; he
reached back with his left hand and pulled the knife out of his left, rear
pants pocket and stabbed forward. Appellant indicated that he had
stabbed him in the middle of the chest. Lorenzo Dominguez was
present when appellant arrived at the apartment. He heard appellant
say, "I got the mother f-----. I stabbed him."

 The medical examiner's testimony showed that Torres died from
a stab wound to the heart. He testified that the knife used to kill Torres
was capable of causing death or serious bodily injury.

 Appellant testified that when the fight started Torres swung at
him, and he pushed Torres back twice. Torres lifted up his shirt,
revealing a gun. As Torres approached him and started pulling out the
gun appellant pulled out a knife and stabbed him. His testimony was
that he did not mean to stab him. He admitted that he could have
turned and run from Torres without pulling the knife.

 When reviewing the legal sufficiency of the evidence we apply the
standard announced in Jackson v. Virginia, 443 U.S. 307 (1979). When
reviewing the factual sufficiency of the evidence we apply the standard
announced in Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996). 
Based upon the charge's application paragraph the jury could convict
appellant of murder if they found that he intentionally or knowingly
caused the death of Marcos Torres by stabbing him with a deadly
weapon, to-wit; a knife, that in the manner of its use or intended use
was capable of causing death or serious bodily injury. The evidence
showed that appellant intentionally stabbed Torres with a knife, which
caused his death. Other than appellant's testimony no witness saw
that Torres had a gun when appellant stabbed him. We hold that a
rational trier of fact could conclude beyond a reasonable doubt that
appellant intentionally caused Torres's death by stabbing him with a
deadly weapon, to-wit; a knife. We also hold that the jury's verdict was
not so contrary to the overwhelming weight of the evidence that it was
clearly wrong and unjust. We overrule appellant's issues and affirm the
judgment.



 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 1st day of June, 2000.